**KURTZ, Plaintiff-Appellee v COLUMBUS (City), Defendants-Appellants.**

Ohio Appeals, Second Diestrict, Franklin County.

No. 3563. Decided January 29, 1944.

Burr, Porter, Stanley & Treffinger, Garrett S. Claypool and James M. Butler, all of Columbus, for plaintiff-appellee.

John L. Davies, city attorney, E. W. McCormick and Richard W. Gordon, all of Columbus, for defendants-appellants.

**OPINION**

By GEIGER, J.

This matter is again before this Court upon appeal from the judgment of the Court of Common Pleas affirming the report of the special master commissioner, John H. Summers, and granting final judgment against the defendant as the same appears in the entry of the Court of Common Pleas under date of February 6, 1943, from which judgment a notice of appeal was given, and the case lodged in this Court.

The final entry from which appeal is taken is of considerable length and we give only the portions thereof that are pertinent:

That said report of the special master commissioner and of his findings of fact and conclusions of law therein stated be and the same hereby are severally ratified, approved, confirmed. and adopted;

That the motion of the defendants asking the Court to dismiss the petition and enter final judgment in favor of defendants and against the plaintiff be, and the same hereby is overruled and disallowed;

. . . That the motion of the plaintiff asking the Court to enter final judgment in favor of the plaintiffs and against the defendants and perpetually to enjoin the issuance and use in any way of any part of said municipal light plant bonds be and the same is hereby allowed; * * *

It is ordered, considered, adjudged and decreed that final judgment as prayed for by the plaintiff be and the same hereby is entered in favor of the plaintiff and against the defendants; that the defendants' motion for a new trial be overruled.

The case is no stranger in this Court. It involves a taxpayer's suit commenced in the Court of Common Pleas in 1938, by the original plaintiff against the City and certain of its officials, to enjoin the issuance by the City of $824,000 of general obligation Annat Act bonds, and the acceptance by the City from the federal government of a grant of approximately $320,000, the proceeds of which bonds and grant the City proposes to expend in the enlargement of the generating capacity of the City electric light plant, and for repairs and extensions.

The defendants demurred to the original petition and upon the demurrer being sustained the plaintiff amended its petition and again the defendants demurred and again the demurrer was sustained and the petition was further amended. After the third demurrer was sustained the plaintiff elected not to amend further, whereupon the Court entered final judgment for the defendants, from which judgment the plaintiff appealed to the Court of Appeals. which Court reversed the trial court, holding that the demurrer should have been overruled, and remanded for further proceedings. From this remanding order the defendants appealed to the Supreme Court and that Court affirmed the judgment of the Court of Appeals, and the case was again referred to the Court of Common Pleas where the issues were made by the filing of a joint answer by the defendants. This answer, filed on December 12, 1940, makes certain admissions as to the matter contained in plaintiff's petition, among them being that the City Attorney has refused to file any suit or action of any kind, or to apply for any order of restraint or injunction or for any relief.

The answer further denies all other allegations of the plaintiff's petition and avers that on September 22, 1933, the effective date of the Annat Act, the assessed valuation of the City's property for the year 1933 was $352,706,720, 5% of which amounted to $17,635,336; that on that date the net indebtedness of the City was $15,207,124, and that the City had the power

and authority to issue Annat Act bonds and to create an indebtedness within the 5% limitation in the amount of $2,428,211; that the City of Columbus made four applications to the Tax Commission of Ohio for certification by said Tax Commission of the amount of the Annat Act bonds issuable on the respective dates; that the total amount of these bonds included in the first three applications made to the Tax Commission amounted to $8,499,200, which bonds have been issued.

It is averred that the fourth application made by the City of Columbus to the Commission dated January 16, 1935, for municipal light Annat Act bonds now proposed to be issued amounted to $824,000, which, together with said Annat Act bonds already issued under said first, second and third applications, amounted to $8,499,200, making a total requested issue of $9,323,200.

It is further averred that the City of Columbus has not exceeded said total aggregate principal of bonds authorized by law in the sum of $9,324,161.91, and does not now exceed the statutory limits of the Annat Act, but in fact the City of Columbus now has the power and authority to issue Annat Act bonds and create thereby an indebtedness outside of the 5% limitation in the amount of $824,961.91.

The defendants pray that the restraining order be dissolved and that the petition of the plaintiff, as twice amended, be dismissed.

To this answer the plaintiff replies, making certain admissions and denying others. The issues thus made were by agreement of the parties referred to Hon. John H. Summers, appointed as a special master commissioner to hear the evidence and report to the Court his findings of fact and conclusions of law.

In pursuance of this authority the Commissioner heard the evidence presented by the parties as embodied by him in a bill of exceptions. A large portion of this bill was made up of the agreement of counsel as to the submission of certain exhibits and of the statement of counsel concerning said tendered exhibits. Much of the bill might have been eliminated if counsel's statements were left to their several briefs rather than being incorporated in the report of the Commissioner. The Commissioner filed a report covering 81 pages in which he concludes:

"It follows that if the city in 1936 exceeded its bond issuing power under the Annat Act, the authority to issue these municipal light bonds by virtue of the allegation of the proceedings thereunder became null and void."

It having been found that by June 11, 1936, $8,499,200 of the bonds authorized by the voters had been issued, "it follows that the City's bond issuing power under the Annat Act as superimposed upon the uniform bond act has been exceeded and the City does not now have the power to issue the $824,000 or any part thereof contemplated, for the purpose of the extension of the municipal light plant."

The Commisioner concludes:

"In consideration of the foregoing findings of fact and the conclusions of law I find and conclude that the final judgment should be entered herein in favor of the plaintiff and against the defendant and that the issuance of said municipal light bonds should be permanently enjoined as asked by the plaintiff."

The Commissioner's report is a masterly presentation of the issues and an analysis of the evidence. It is not always easy to follow his reasoning, but when it is carefully studied we arrive at the conclusion that his findings of facts and conclusions of law were justified by the evidence. We are impressed with the fact that the Commissioner was probably over-generous in permitting evidence upon certain points; as an example, permitting the defendants to introduce a large amount of evidence contradicting the certificate made by the State Tax Commission. This Commission made four reports to the officials of the city, the same being in response to applications made by the city for the commission's certificate. These several reports are dated November 14, 1933, March 30, 1934, September 18, 1934, and January 17, 1935, and in each the commission finds that "the net indebtedness reduced by bonds maturing from the effective date of the act is in the amount stated in the several certificates, being $6,895,950, and that as authorized by Senate Bill No. 28 the city is authorized to issue bonds in that amount". In the last certificate of January 17th the commission states, "After due examination of the financial and bond statements certified to this commission by the fiscal officer of the City of Columbus, it finds and does hereby certify that the City of Columbus is unable to issue bonds subject to the limitation prescribed by §§2293-14 and 2293-18 GC." It is stated that the certificate is issued in compliance with paragraph 1, Section 1 of amended Senate Bill 403.

To the last certificate this statement is attached: "This certificate is fourth approval and is granted to cover the fol-

lowing projects, constructing an extension to the present building at the municipal light plant," etc., "$824,000." The finding of the commission by the statute is final and the commissioner might well have relied upon it and refused to hear testimony by the city seeking to dispute the validity of the certificate. However, we may say that after the commissioner permitted evidence to be introduced, his finding of fact that the city had no authority to issue the municipal light bonds was entirely justified by the evidence adduced. The conclusion of the Tax Commission was sustained by re-examination of the facts.

A rather long assignment of errors is asserted, the more important being, in substance, that the Court erred:

(1) In sustaining, approving, adopting and confirming the findings of fact and conclusions of law of the special master commissioner in entirety.

(2) In overruling the defendants' motion excepting to certain findings of fact and conclusions of law and requesting the Court to reject the same, and dissolve the restraining order and enter judgment for defendants.

(3) Substantially the same as (2).

(4) The Court erred in entering final judgment in favor of plaintiff and against defendants, permanently enjoining the issuance of municipal light bonds in accordance with the conclusion of the Commissioner.

(5), (6) Substantially the same as (4).

(7) The Court erred in finding as a matter of law that the termination of the powers conferred by the original Annat Act, effective July 18, 1933, is a bar to the issuance of the municipal light bonds.

(8) In finding that the parties are bound by the findings and certification of the Tax Commission in respect to the bond issuing capacity of the City of Columbus under the Annat Act, and that said certification of the Tax Commission is final as to matters so found, and that no testimony of the city's net debt and tax duplicate is relevant.

(9) In finding that the maximum amount of issuable Annat Act bonds was $6,895,950 as found by the Tax Commission in its certification, and that the municipal light bonds may not legally be issued.

(10) In its computation of and determination of the value of the property of the city and the amount of tax duplicate thereof as listed for taxation on September 22, 1933.

(11) In its computation of and determination of the amount of net indebtedness of the city on September 22. 1933.

(12)   In its construction of §2293-23b GC, and the effect of said section upon the proposed issue of the light plant bonds, namely, that if the city exceeded its bond issuing power under the Annat Act, the authority to issue municipal light bonds by virtue of the 1933 election, and the proceeds thereof became null and void.

(13)   In finding that the city's bond issuing power under the Annat Act as superimposed upon the uniform bond act has been exhausted and that the city does not now have the power to issue bonds in the amount of $824,000, or any part thereof contemplated for the expansion of the municipal light plant.

(14)   Other prejudicial errors.

We have refrained from setting out the pleadings in this case for the reason that they appear twice in published reports.   The case was heard and decided in our Court as appears in **61 Oh Ap 423**, and in a somewhat deleted opinion in **29 Abs 171**.   The issues then involved in the matter were presented on the examination of the alleged error of the Court below in sustaining the general demurrer to plaintiff's petition. This Court reversed the Court below and overruled the demurrer. One member of this Court dissented from that judgment and a second member "concurred in the judgment", thereby indicating his lack of agreement in the reasoning of the opinion.   The defendants appealed from the decision of this Court to the Supreme Court. The opinion of that Court appears in **Kurtz, Appellee, v City of Columbus, Appellants, 137 Oh St 184.** The Supreme Court gave generous space to its opinion in which is set out at length the issues made by the demurrer to the petition.   The Supreme Court affirmed the opinion of this Court on every point at issue specifically deciding the two most controversial questions.   On page 188 the section is quoted relating to certificate to the Tax Commission and what the same shall state, and it is pointed out that "said certificate as to the matters required by this act shall be final."

The Court considers and definitely passes upon the effect of the statute which provides that if before the bonds authorized by an election shall be issued, the bonded indebtedness of the municipality shall exceed that allowed by law, that none of said bonds may be issued and the authority to issue the same by virtue of said election shall become void. The Court holds that §2293-23b, which seeks to remove from the limitation certain prescribed bonds, is prospective in its form and terms, and that the application of its provisions sought by counsel for defendant would be an unconstitutional application of its provisions.

The case being before the Supreme Court on a demurrer to the petition, the Court passed upon the question as presented on demurrer which admitted as true all pertinent allegations of the petition.

We find that after the case was returned to this Court the defendant filed an answer, to which we have alluded, but we further find that upon the report of the commissioner the case now stands before us as if it were being heard on demurrer, in that the defendant has failed to overcome the evidence presented by the plaintiff as to the limitation of the amount of bonds to be issued.

The opinions of this Court as reported and the opinion of the Supreme Court so clearly set up and determine the issues in this matter, that we feel it would be unnecessary to examine these opinions in detail, but refer those who desire further examination of the questions to these two cases.

We are of the opinion that there was no error in the Court below affirming the finding of the commissioner on findings of fact and conclusions of law, and that all the assignments of errors should be overruled.

Judgment accordingly.

BARNES, P. J. and HORNBECK, J., concur.